UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 14, 2021

LETTER TO COUNSEL

RE: *Tracy K. v. Saul*
Civil No. DLB-20-332

Dear Counsel:

On February 7, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 15 ("Pl.'s Mot."); ECF 16 ("Def.'s Mot."); ECF 17 ("Pl.'s Resp."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on September 26, 2016, alleging an onset date of July 31, 2016. Administrative Transcript ("Tr.") 168-74. The SSA denied her claims initially and on reconsideration. Tr. 75, 94. An Administrative Law Judge ("ALJ") held a hearing on November 28, 2018. Tr. 27-58. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 7-26. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-6; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "status post stroke, neurocognitive disorder, depression[,] and anxiety." Tr. 12. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant can never climb ladders, ropes or scaffolds. The claimant can

*Tracy K. v. Saul*
Civil No. DLB-20-332
April 14, 2021
Page 2

> occasionally engage in field of vision on the right. The claimant can occasionally operate hand controls with the left upper extremity. The claimant can perform simple instructions in a low stress environment with modest changes in routine. The claimant can perform simple, routine 1-2 step tasks. The claimant can maintain pace with normal breaks.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff did not have any past relevant work but could perform other jobs existing in significant numbers in the national economy. Tr. 19-20. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 20-21.

On appeal, plaintiff argues both that the ALJ failed to resolve apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT") and that the ALJ's decision does not comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). I agree the ALJ erred in failing to resolve apparent conflicts between the VE's testimony and the DOT and that, consequently, her step-five determination is unsupported by substantial evidence. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

An ALJ must identify apparent conflicts between the DOT and the VE's testimony. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015). This affirmative duty extends to those conflicts in which "the [VE's] testimony seems to, but does not necessarily, conflict with the [DOT]." *Pearson*, 810 F.3d at 209. The ALJ "has not fulfilled [her] affirmative duty merely because the [VE] responds 'yes' when asked if her testimony is consistent with the [DOT]." *Id.* at 208 (internal quotation marks omitted) (internal citations omitted).

Specifically, plaintiff argues her RFC limitation to "simple, routine 1-2 step tasks" conflicts with the occupations identified by the VE because those occupations require a reasoning level of three. Pl.'s Mot. at 12-14; Pl.'s Resp. at 4-6. Plaintiff additionally argues that her RFC limitation to "simple instructions" apparently conflicts with the same occupations identified by the VE because they require a reasoning level of three. Pl.'s Mot. at 12, 14; Pl.'s Resp. at 3-4.

The Commissioner disagrees that the ALJ failed to identify apparent conflicts and advances several arguments in defense of the ALJ's decision. Def.'s Mot. at 10-16. First, he argues the ALJ satisfied the twin-mandates of SSR 00-4p: "(1) to ask the VE if the evidence provided conflicts with the DOT, and (2) if the evidence provided appears to conflict with the DOT, to obtain a reasonable explanation for the apparent conflict." Def.'s Mot. at 10 (citing SSR 00-4p, 2000 WL 1898704, at *4). Second, the Commissioner argues no apparent conflict exists between the jobs identified by the VE and plaintiff's RFC. Def.'s Mot. at 11-14. Finally, the Commissioner argues any error is harmless. *Id.* at 14-16. Because I disagree with the Commissioner on all three of his defenses and agree with plaintiff that the ALJ failed to resolve an apparent conflict between the occupations identified by the VE and her RFC limitation to "simple, routine 1-2 step tasks," remand is necessary.

*Tracy K. v. Saul*
Civil No. DLB-20-332
April 14, 2021
Page 3

I will first address the Commissioner's argument that no apparent conflict exists. *See* Def.'s Mot. at 11-14. At the outset, I clarify the facts. To meet her burden at step five of establishing work existing in the national economy within plaintiff's capabilities, the ALJ accepted two occupations proffered by the VE: food order clerk and charge account clerk. Tr. 20, 54-55. A position as a food order clerk requires a reasoning level of three. DOT, 209.567-014, 1991 WL 671794 (2016). A position as a charge account clerk requires a reasoning level of three. DOT, 205.367-014, 1991 WL 67175 (2016). Reasoning level three indicates the job requires employees to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form . . . [and to] [d]eal with problems involving several concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702 (Jan. 1, 2016). Meanwhile, plaintiff's nonexertional RFC, which is the basis of the conflict, is limited to "simple, routine 1-2 step tasks." Tr. 15.

The foregoing discussion makes clear that the Commissioner's cited authorities do not affect the outcome in this case. First, the Commissioner's citations to *Silver v. Commissioner of Social Security*, No. SAG-15-3453, 2016 WL 6126298, at *5 (D. Md. Oct. 20, 2016), and *Davis v. Commissioner*, No. SAG-11-2779, 2013 WL 153594, at *2 (D. Md. Jan. 14, 2013), are irrelevant. *See* Def.'s Mot. at 14. In both of those cases, the Court considered whether certain limitations conflicted with a reasoning level of two and ultimately concluded that the limitations did not. Because both occupations at issue in this case require a reasoning level of three, those cases are not on point. Second, the Commissioner's citation to *Blum v. Commissioner, Social Security Administration*, No. SAG-12-1833, 2013 WL 2902682, at *3 (D. Md. June 11, 2013), does not affect the holding of this case because in *Blum* the Court considered whether an RFC limited to "simple instructions" apparently conflicted with reasoning levels two and three. *See* Def.'s Mot. at 14. While plaintiff's RFC in the instant case is limited to "simple instructions," the apparent conflict that I hold requires remand is one between "simple, routine 1-2 step tasks" and the identified occupations. *See* Tr. 15. Finally, the Commissioner's citation to *Yates v. Astrue*, No. PWG-09-3394, 2012 WL 280528, at *2 (D. Md. Jan. 20, 2012) does not affect the outcome of this case. *See* Def.'s Mot. at 14. In *Yates*, the Court considered an RFC limited to "simple, routine[] tasks." 2012 WL 280528, at *2. Plaintiff's RFC in this case is more restrictive because she is limited to "simple, routine *1-2 step* tasks." *See id.*; Tr. 15 (emphasis added). Additionally, *Yates* preceded the unpublished Fourth Circuit decision that found an RFC limitation directly analogous to the one here apparently conflicted with a reasoning level of two. *See Henderson v. Colvin*, 643 F. App'x 273, 277 (4th Cir. 2016) (per curiam), *aff'g in part and rev'g in part* No. 2:14-cv-3-RJC, 2015 WL 1470996 (W.D.N.C. Mar. 31, 2015).

In *Henderson*, the Fourth Circuit considered whether an RFC limitation to "simple one-to-two step tasks" conflicted with a reasoning level of two. 643 F. App'x at 276-78. While ultimately the Fourth Circuit wrote "that there is an apparent conflict between an RFC that limits Henderson to one-to-two step instructions and GED Reasoning Code 2," the remainder of the Court's opinion makes clear the component of the plaintiff's RFC the Court considered was actually "simple one-to-two step tasks." *Id.* The lower court decision confirms that the plaintiff was limited to "simple one-to-two step tasks." 2015 WL 1470996, at *1, *5, *6. Here, plaintiff's RFC limitation to "simple, routine 1-2 step tasks" is indistinguishable from the one considered by the Fourth Circuit

*Tracy K. v. Saul*
Civil No. DLB-20-332
April 14, 2021
Page 4

in *Henderson* except that plaintiff's RFC is arguably more restricted than was the plaintiff's in *Henderson*. *See* 643 F. App'x at 276-78; Tr. 15. And, because a reasoning level of three is more demanding than a reasoning level of two, remand is necessary to allow the ALJ to resolve the apparent conflict between plaintiff's RFC and the jobs identified by the VE. *See Keller v. Berryhill*, 754 F. App'x 193, 197 (4th Cir. 2018).

The Commissioner also argues the ALJ fulfilled her duties under SSR 00-4p because she asked the VE whether the VE's testimony conflicted with the DOT and resolved any conflicts. The ALJ did inform the VE she would "assume that [the VE's] testimony is based upon [her] knowledge, education, training, and experience and [was] consistent with the [DOT] unless [the VE told her] otherwise." Tr. 51. The Commissioner argues, the above-identified conflict notwithstanding, that the VE resolved any apparent conflicts by noting her education, training, and experience told her that plaintiff could engage in these two jobs. Def.'s Mot. at 12. I agree with plaintiff, however, that *Pearson* instructs that the ALJ did not satisfy her duties under SSR 00-4p by making this assumption. *See* Pl.'s Resp. at 7-8; *Pearson*, 810 F.3d at 208-10.

In *Pearson*, the Fourth Circuit analyzed the language of SSR 00-4p, which sets forth the procedure for identifying and resolving apparent conflicts between the VE's testimony and the DOT. The ruling "sets forth multiple responsibilities and places all of them on the ALJ," including the responsibilities to ask the VE if her testimony conforms to the DOT, identify and obtain explanations for any apparent conflicts between the two, resolve the conflicts, and explain the resolutions of the conflicts. *Pearson*, 810 F.3d at 208 (citing SSR 00-4p). Accordingly, the ALJ's duties to identify and resolve conflicts are independent from the VE's. *Id.* Here, the ALJ assumed the VE's testimony did not conflict with the DOT and requested the VE to inform her should the testimony be otherwise. Tr. 51. Such an assumption clearly falls short of the Fourth Circuit's guidance in *Pearson* in light of the unresolved conflict between the VE's testimony and the DOT in this case. *See Pearson*, 810 F.3d at 210 ("An ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the [DOT]. Nor has the ALJ fulfilled this duty if [she] ignores an apparent conflict because the expert testified that no conflict existed.").

The Commissioner's third and final argument is that the error is harmless. I disagree. The ALJ carries the burden at step five of proving work within plaintiff's capabilities that exists in significant numbers. 20 C.F.R. § 416.912(b)(3). If an ALJ cannot prove the existence of such work, a finding of disability is appropriate. The ALJ's ability to establish the existence of such work is therefore of great significance to the disposition of plaintiff's claim. Without evidence in the record establishing plaintiff could engage in such work, remand is necessary. *See Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)); *Keller*, 754 F. App'x at 199 (noting the court's inability to find the ALJ's failure to identify and resolve an apparent conflict harmless because "the administrative record does not clearly demonstrate that Keller can actually perform the occupations identified by the VE and relied on by the ALJ at the fifth step").

*Tracy K. v. Saul*
Civil No. DLB-20-332
April 14, 2021
Page 5


Finally, because I remand this case on other grounds, I decline to decide whether the ALJ's decision complies with the requirements of *Mascio*. *See* 780 F.3d at 638. The ALJ may consider plaintiff's arguments on remand.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 15, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                              Sincerely yours,

                              /s/

                              Deborah L. Boardman
                              United States Magistrate Judge